IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON JEROME MCDANIEL,

    Plaintiff,                               No. CIV S-07-1189 LEW JFM P

    vs.

S. HUBBARD, et al.,

    Defendants.                         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff raised claims arising from events that took place on July 25, 2006 (deliberate indifference to serious medical needs), October 21, 2006 (excessive force) and May 24, 2007 (medical). On October 18, 2007, plaintiff filed an amended complaint. On October 23, 2007, defendants filed a request for extension of time to file a responsive pleading for a ten day period after this court issues an order screening the amended complaint. 28 U.S.C. § 1915A.

        The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Local

Rule 15-220.  Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

In the amended complaint, as in the original complaint, plaintiff repeated his claims arising from events that took place on three different dates.  However, as to the events of May 24, 2007,[1] plaintiff added to the amended complaint an allegation that he exhausted his administrative remedies with regard to defendants Hightman, Appelberry and McKinzie, and appends a copy of the third level appeal decision dated October 3, 2007.

As noted in this court's July 5, 2007 order, exhaustion of administrative remedies must precede the filing of any federal action.  "Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002).  Compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action.  McKinney, 311 F.3d at 1199.  The third level appeal decision represents completion of the administrative process.  Brown v. Valoff, at 929-30.

In the amended complaint, plaintiff provided confirmation that he filed a prison grievance regarding the May 24, 2007 allegations; however, the appeal process was not resolved until October 3, 2007, which is after petitioner filed the instant action on June 19, 2007.  Accordingly, plaintiff may not pursue those claims in this action; he must file a separate civil

---

[1] Plaintiff provided confirmation that he had exhausted his administrative remedies with regard to the July 25 and October 21, 2006 allegations in his original complaint.

rights action to pursue his claims against defendants Hightman, Appelberry or McKinzie related to the May 24, 2007 allegations. See <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2387 (2006).

Accordingly, this action will proceed on the amended complaint, but the court will not order service of process on defendants Hightman, Appelberry or McKinzie, and this action will proceed only as to those allegations arising on July 25, 2006 (deliberate indifference to serious medical needs) and October 21, 2006 (excessive force). Defendants' request for extension of time to file a responsive pleading will be partially granted.

In addition, plaintiff included his claims against Warden Susan Hubbard. As noted in this court's July 5, 2007 order, plaintiff's claims against Warden Hubbard are based on respondeat superior; accordingly, the court will not order service of process on defendant Hubbard.

The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against the remaining defendants with regard to the claims arising from the events of July 25, 2006 and October 21, 2006. If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action will proceed on plaintiff's October 18, 2007 amended complaint as set forth above.

2. Defendants' October 23, 2007 request for second extension of time is partially granted; defendants Carson, Cobbs, Swan, Cueva and Hall shall file a responsive pleading within ten days from the date of this order.

DATED: October 30, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; mcda1189.10