IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON JEROME MCDANIEL,

    Plaintiff,           No. 2:07cv1189-JAM-JFM (PC)

    vs.

S. HUBBARD, et al.,

    Defendants.       ORDER

_____/

On April 10, 2008, plaintiff filed a motion to compel discovery responses.[1] Plaintiff seeks an order compelling responses to requests for admission Nos. 4 and 5 as to whether inmate Burnett was housed in plaintiff's housing wing on October 21, 2006. Defendants objected to these requests claiming they were not requests to admit or deny a material fact, and, in the case of request number 5, that the request was compound.

The requests, while not things of beauty,[2] are comprehensible and may have the result of focusing plaintiff's preparation for trial of this matter. Accordingly, defendants will be directed to respond to both requests without further objection.

---

[1] Plaintiff filed a second motion to compel on April 18, 2008, which appears to be a copy of his April 10, 2008 filing. Plaintiff's April 18, 2008 filing will be placed in the court file and disregarded. (Docket No. 35.)

[2] As is also the case with defendants' other responses.

1

1    Plaintiff also seeks an order compelling further responses to his requests for
2 production of documents pertaining to other inmates who allegedly died of heat-related
3 complications.  Defendants object that said documents are confidential medical records protected
4 by state and federal law, and that their production would not lead to admissible evidence because
5 plaintiff did not allege that the prison lacked a policy or procedure for providing cooling
6 measures for inmates taking anti-psychotic medications.
7    In his complaint, plaintiff alleges that defendant Carson was deliberately
8 indifferent to plaintiff's serious medical needs on July 25, 2006, during a heat wave.  (Complt. at
9 5-6.)  Plaintiff alleges he was taking psychotropic medications and the temperature in his cell was
10 at least 110 degrees.  (Complt. at 6.)
11    Defendants' objections are well taken.  Other inmates' medical records are
12 confidential.  Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L.
13 No. 104-191, 110 Stat. 1936 (1996); <u>United States v. Comprehensive Drug Testing, Inc.</u>, 513
14 F.3d 1085, 1138 (9th Cir. 2008).  Moreover, plaintiff is pursuing a deliberate indifference claim
15 as to defendant Carson only.  Plaintiff has not included any allegations concerning the lack of a
16 policy or procedure for protecting inmates taking anti-psychotic medications who are also
17 exposed to high temperatures.  Accordingly, plaintiff's motion to compel further production of
18 documents will be denied.
19    In accordance with the above, IT IS HEREBY ORDERED that:
20    1.  Plaintiff's motion to compel responses to requests for admissions number 4
21 and number 5 is granted.  Defendants shall admit or deny the requests for admissions, without
22 further objections, within ten days from the date of this order;
23 /////
24 /////
25 /////
26 /////

1          2.  Plaintiff's motion to compel further responses to his requests for production is
2  denied; and
3          3.  In all other respects plaintiff's discovery motion filed April 10, 2008 is denied.
4  (Docket No. 33.)  Plaintiff's April 18, 2008 motion is denied.  (Docket No. 35.)
5  DATED:  June 26, 2008.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE

9  001;mcdan1189.mtc

3