IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON JEROME MCDANIEL,

       Plaintiff,                No. 2:07cv1189-JAM-JFM (PC)

   vs.

S. HUBBARD, et al.,

       Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's motion for a temporary restraining order and/or preliminary injunction.

        In his motion for injunctive relief, plaintiff claims that Correctional Officers Pham, Conchas and Young are denying plaintiff access to the law library, violating his right to access to the courts.  Plaintiff also claims that the librarian refused to provide plaintiff copies of the instant motion because "the motion had nothing to do with his case."  (Motion at 4.) Plaintiff requests that the court order prison staff to allow plaintiff access to the law library.

        The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to

1

the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer Inc. v. Formula Int'l, 725 F.2d 521, 523 (9th Cir. 1984)); see also Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

Here, plaintiff has not carried his burden of showing irreparable injury. An inmate alleging a violation of his right of access to the courts must demonstrate that the conduct of prison officials or shortcomings in the institution's legal assistance program actually hindered the inmate's efforts to pursue a legal claim. See Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996). To state a claim that defendants interfered with the right of access to the courts, an inmate must allege actual injury, i.e., a specific instance in which he was actually denied access to the courts. See Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

In this regard, plaintiff has not made any showing that his ability to pursue this court action has been hindered. For example, plaintiff's motion contains numerous citations to case authority in support of his arguments. Moreover, the docket reflects that plaintiff has met all court deadlines and has filed eleven documents since the original complaint was filed on June 19, 2007. Defendants have also provided evidence that plaintiff has been provided regular access to the law library, including 7 times in April, 4 times in May, 1 time in June and 2 times in July. (Opp'n, Ex. A.) In light of this record, plaintiff has not demonstrated that his right of access to the courts is being impaired.

Moreover, plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are

1 not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395
2 U.S. 100, 112 (1969).
3     Therefore, plaintiff's motion for injunctive relief should be denied.
4     IT IS HEREBY RECOMMENDED that plaintiff's June 9, 2008 motion for
5 temporary restraining order and/or preliminary injunction be denied.
6     These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8 days after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
11 failure to file objections within the specified time may waive the right to appeal the District
12 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: July 21, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; mcda1189.tro