IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLIFTON JEROME MCDANIEL,

    Plaintiff,                    No. CIV S-07-1189 JAM JFM P

    vs.

S. HUBBARD, et al.,

    Defendants.             <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on three claims: an excessive force claim against defendant Cobbs, a deliberate indifference to conditions of confinement claim against defendant Carson, and a claim that defendants Cueva, Hall and Swan attempted to coerce plaintiff into stating in a videotaped interview that the closing of the cell door by defendant Cobbs was accidental.

        On April 3, 2009, defendants filed an amended pretrial statement in which they claim plaintiff failed to exhaust his administrative remedies prior to bringing the instant action. (<u>Id.</u> at 6-7.) Defendants claim that plaintiff submitted an administrative appeal, dated July 27, 2006, complaining generally of misconduct by defendant Carson. (<u>Id.</u>) Defendants allege this appeal was a group appeal, signed by many inmates and makes no reference to plaintiff being unconscious due to heat related complications. (<u>Id.</u>) Defendants did not provide a copy of the

1

administrative appeal.  Defendants did not address the issue of exhaustion as to defendants Cueva, Hall and Swan.

Attached to plaintiff's complaint is a list of plaintiff's administrative appeals.  (Id. at 19.)  Plaintiff has marked No. C42540 as demonstrating proof of exhaustion as to defendant Carson.  (Id.)  This list reflects plaintiff filed a third level review which was denied on December 14, 2006.  (Id.)  Plaintiff also provided a copy of the third level Director's Decision demonstrating exhaustion of his claim against defendant Cobb.  (Id. at 20.)

On February 25, 2008, this court issued a revised scheduling order requiring that dispositive motions be filed on or before August 15, 2008.  (Id.)  No dispositive motions have been filed.  This court is inclined to find defendants have waived this affirmative defense because they failed to timely file a motion to dismiss.  See Gomez v. Scribner, 2009 WL 2058537 (E.D. Cal. 2009).  Review of the file, however, reflects that defendants interposed an affirmative defense of failure to exhaust in the November 7, 2007 Answer.  Moreover, "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 917-18 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524, 122 S.Ct. 983 (2002)).

Accordingly, defendants will be given one, last chance to file a motion seeking relief from the scheduling order, demonstrating their good cause for failing to timely file a motion to dismiss, and appending a proposed motion to dismiss for failure to exhaust administrative remedies, along with a copy of the relevant administrative appeals.

/////
/////
/////
/////
/////
/////

1   IT IS HEREBY ORDERED that, within thirty days from the date of this order,
2 defendants shall file a motion seeking relief from the scheduling order, and appending a proposed
3 motion to dismiss, along with a copy of the relevant administrative appeals.
4 DATED: October 13, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; mcda1189.gcm