1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLIFTON JEROME MCDANIEL,

11              Plaintiff,                  No. CIV S-07-1189 JAM JFM (PC)

12        vs.

13   S. HUBBARD, et al.,

14              Defendants.

15   _____/      FINDINGS & RECOMMENDATIONS

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on three claims: an excessive force claim against

18   defendant Cobbs; a deliberate indifference to conditions of confinement claim against defendant

19   Carson; and a cover-up claim against defendants Cueva, Hall and Swan.  This matter is before

20   the court on defendants Cueva, Hall and Swans' motion for judgment on the pleadings pursuant

21   to Fed. R. Civ. P. 12(c).

22        **STANDARDS FOR A MOTION FOR JUDGMENT ON THE PLEADINGS
             PURSUANT TO FED. R. CIV. P. 12(c)**

23

              Federal Rule of Civil Procedure 12(c) provides:

24

              After the pleadings are closed--but early enough not to delay trial--
25            a party may move for judgment on the pleadings.

26   /////

                                              1

1    Fed. R. Civ. P. 12(c).  In considering a motion for judgment on the pleadings the court accepts

2    "all factual allegations in the complaint as true" and construes the allegations "in the light most

3    favorable to the non-moving party."  Fleming  v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)

4    (citing Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004)).  Judgment on the pleadings is

5    appropriate "when there is no issue of material fact in dispute, and the moving party is entitled to

6    judgment as a matter of law."  Fleming  v. Pickard, id. (citing Heliotrope Gen., Inc. v. Ford

7    Motor Co., 189 F.3d 971, 979 (9th Cir. 1999)).

8                                   **ALLEGATIONS OF THE COMPLAINT**

9                Plaintiff's complaint contains the following allegations.  At all times relevant to

10   this action, plaintiff was a state prisoner housed at California Medical Facility in Vacaville.  On

11   July 25, 2006, plaintiff, who was on psychotropic medication, became ill due to high

12   temperatures in his cell.  He asserts his medication required extra precautions to be taken during

13   periods of extreme heat.  Not feeling well, plaintiff notified medical staff, who sent a nurse to

14   examine plaintiff.  Upon the nurse's arrival, defendant Carson informed her that plaintiff was

15   "allright" [sic] and that she could leave.  Defendant Carson, however, was aware that plaintiff

16   was not feeling well, having asked plaintiff earlier, "What's wrong you can't stand a little heat?"

17   (Compl. at 6.)  Plaintiff, who was unconscious at the time, became aware of defendant Carson's

18   statements through various inmates and the visiting nurse.  Plaintiff claims he suffered

19   irreparable brain damage as a result of defendant Carson's actions.

20               Also, on October 21, 2006, defendant Cobbs allegedly slammed a cell door onto

21   plaintiff's arthritic shoulder.  Plaintiff claims he has been prescribed more medication due to the

22   injury caused by defendant Cobbs.  Upon investigation of the incident, defendants Swan and

23   Cueva threatened plaintiff by telling him that if he did not clear defendant Cobbs of the charges

24   during his video-recorded examination, then he "would be locked up and all of [his] property

25   would be destroyed and no one will ever see [him] or hear from [him] again."  (Compl. at 6.)

26   Defendant Hall processed plaintiff's inmate appeal regarding the Cobbs incident at the second

level of review.  When plaintiff informed him of the threats, defendant Hall attempted to cover up the incident by claiming he did not know who defendants Swan and Cueva were and by failing to question plaintiff's witnesses.

**DEFENDANTS' MOTION**

Defendants Swan, Cueva and Hall bring the present motion on four grounds: (1) plaintiff's claim of a cover-up is premature and must be dismissed; (2) plaintiff's factual allegations are insufficient to support a failure to protect claim; (3) plaintiff's factual allegations are insufficient to support a due process violation; and (4) defendant Hall is entitled to dismissal because plaintiff's complaint fails to state a claim against him or, alternatively, defendant Hall is entitled to qualified immunity.

**1.        Cover-Up Claim**

Defendants seek dismissal of plaintiff's cover-up claim against them on the ground that the claim is not ripe.

Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up.  See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 625 (9th Cir. 1988); Rose v. City of Los Angeles, 814 F.Supp. 878, 881 (C.D. Cal. 1993).  A cover-up claim is premature when, as here, plaintiff's action seeking redress for the underlying constitutional violations remains pending.  See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending); Rose, 814 F.Supp. at 881 (same).

Here, plaintiff brings a claim against defendant Cobbs for excessive force and a claim against defendants Swan, Cueva and Hall for covering up the incident.  If plaintiff succeeds on his claim against defendant Cobbs, then he will have suffered no injury caused by defendants Swan, Cueva and Hall.  If, however, plaintiff does not succeed on his claim against defendant Cobbs, then defendants Swan, Cueva and Hall might have successfully impeded

3

1   plaintiff's right of access to the courts.  Accordingly, the court finds plaintiff's cover-up claim is

2   not ripe until he can show that his underlying suit – his pending claim of excessive force against

3   defendant Cobbs – fails.

4          Because plaintiff has not yet suffered harm as a result of the defendants' alleged

5   cover-up, this court recommends that plaintiff's cover-up claim against defendants Swan, Cueva

6   and Hall be dismissed without prejudice.

7   **2.          Failure to Protect Claim**

8          Defendants next seek dismissal of plaintiff's claim against them to the extent it is

9   construed as a failure to protect claim.

10          The Eighth Amendment's prohibition on cruel and unusual punishment imposes

11  on prison officials, among other things, a duty to "take reasonable measures to guarantee the

12  safety of the inmates."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1991) (quoting <u>Hudson v.</u>

13  <u>Palmer</u>, 468 U.S. 517, 526-27 (1984)).  To properly allege an Eighth Amendment claim for

14  failure to protect an inmate from violence, the inmate must assert that he was incarcerated under

15  conditions posing a "substantial risk of serious harm," and that a prison official displayed

16  "deliberate indifference" to that risk.  <u>Id.</u> at 834.  A prison official displays deliberate

17  indifference to inmate-on-inmate violence when he is "both aware of facts from which the

18  inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

19  inference."  <u>Id.</u> at 837.

20          Examination of the first amended complaint reveals no facts to support a claim for

21  failure to protect.  Instead, plaintiff's claim against these defendants is predicated on their

22  alleged attempts to "cover up [the defendant Cobbs] incident" and defendant Hall's "covering up

23  the incident at the second level of review."  Unsurprisingly, then, plaintiff fails to assert that he

24  was incarcerated under conditions posing a "substantial risk of serious harm," and that these

25  defendants displayed "deliberate indifference" to that risk.  <u>See</u> <u>Farmer</u>, 468 U.S. at 834.

26  /////

/////

Because plaintiff has not pleaded a failure to protect claim in his first amended complaint, this action is not subject to dismissal for his failure to state facts supporting such a claim.  This aspect of defendants' motion for judgment on the pleadings should be denied.

**3.        Due Process Violation**

As a third ground for dismissal, defendants assert that to the extent plaintiff is claiming his due process rights were violated by them, his claim fails because he has not alleged any facts showing that his due process rights were implicated.

The Due Process Clause of the Fourteenth Amendment provides that the state shall not "deprive any person of life, liberty, or property, without due process of law.'"  U.S. Const., amend. XIV, § 1.  "Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 331 (1986).  The purpose of the clause is to protect individuals from a government's arbitrary exercise of its powers.  Id.  Thus, the clause traditionally has protected against deliberately chosen, but arbitrary government actions.

Examination of the first amended complaint reveals that plaintiff's cover-up claim may allege a due process violation.  Covering up the use of excessive force or using threats to thwart plaintiff's grievances may hinder plaintiff's access to the courts to redress a constitutional violation, a right protected by several constitutional provisions, including due process.  See Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982); Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008) (right of access to the courts secured by Article IV's Privileges and Immunities Clause, First Amendment, Fifth Amendment, and Fourteenth Amendment).  However, for the reasons set forth above, that claim is not ripe.

Accordingly, the court recommends that plaintiff's cover-up allegation, to the extent it is construed as a due process violation, be dismissed without prejudice.

/////

1   /////

2   **4.        Failure to Investigate**

3          Finally, defendants assert that defendant Hall is entitled to dismissal because the

4   allegations against him arise solely through the inmate grievance process.  While not specifically

5   stated in his first amended complaint, plaintiff generally appears to grieve the review of his

6   inmate appeal by defendant Hall.

7          The Due Process Clause protects prisoners from being deprived of liberty without

8   due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

9   action for deprivation of due process, a plaintiff must first establish the existence of a liberty

10  interest for which the protection is sought.  "States may under certain circumstances create

11  liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S.

12  472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from

13  restraint which "imposes atypical and significant hardship on the inmate in relation to the

14  ordinary incidents of prison life."  Id.

15         "[A prison] grievance procedure is a procedural right only, it does not confer any

16  substantive right upon the inmates."  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982),

17  accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez v. Galaza, 334

18  F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement

19  to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)

20  (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855

21  F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest

22  requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez v.

23  DeRobertis, 568 F.Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

24  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under

25  a section 1983 action.  Buckley, 997 F.2d at 495.

26         The substance of plaintiff's claim against defendant Hall is that defendant Hall

6

failed to adequately investigate plaintiff's claim against defendant Cobbs and lied about knowing defendants Swan and Cuevo.  Because this claim arises from defendant Hall's review of plaintiff's administrative appeal, it cannot serve as the basis for liability in this action.  See Buckley, 997 F.2d at 495.

Accordingly, the court recommends that defendants' motion for judgment on the pleadings be granted with prejudice on this ground as to defendant Hall.

IT IS HEREBY RECOMMENDED that:

Defendants' November 9, 2009 motion for judgment on the pleadings be granted in part and denied in part:

1.  Plaintiff's cover-up claim against defendants Swan, Cueva and Hall be dismissed without prejudice; and

2.  Plaintiff's failure to investigate claim against defendant Hall be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 12, 2010.

UNITED STATES MAGISTRATE JUDGE

1   014.mcda1189.mjop